J-S32035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TODD MICHAEL LINGAFELT, JR. | : | |
| Appellant | : | No. 1334 MDA 2024 |

Appeal from the PCRA Order Entered August 28, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002552-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TODD MICHAEL LINGAFELT, JR. | : | |
| Appellant | : | No. 1335 MDA 2024 |

Appeal from the PCRA Order Entered August 28, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002179-2020

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: NOVEMBER 17, 2025**

Appellant, Todd Michael Lingafelt, Jr., appeals from the August 28, 2024, Order denying his Post Conviction Relief Act ("PCRA") petition in the Court of Common Pleas of Lancaster County in the matters docketed at CP-36-CR-0002552-2019 and CP-36-CR-0002179-2020. Appellant's counsel,

_____

[*] Former Justice specially assigned to the Superior Court.

Alexander D. Egner, Esq., has filed a petition to withdraw and brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), alleging that the instant appeal is wholly frivolous. After review, we grant Attorney Egner's application to withdraw and affirm the order.

In July of 2009, Appellant met with and subsequently retained Attorney Christopher M. Patterson, then of the law firm Patterson, Cody, Taylor & Winters[1], relative to a pending investigation into the sexual assault of victim L.P., in which Appellant was the alleged perpetrator. N.T. PCRA Hearing, 7/1/24 (hereinafter "N.T.") at 12-14; Defense Exhibit 2. Following consultation with Appellant regarding the then-pending investigation, Attorney Patterson prepared a memorandum to his file dated July 15, 2009, in which counsel recounts Appellant's version of the events at issue, including the following regarding two text messages purportedly sent by the victim and received by Appellant:

> [Appellant] showed me two text messages on his phone. They are
> as follows:
> > (1)    1st text message "I can't hang out later". 3:52 on
> > 7/14/09;

---

[1] While there appears to have been some confusion as to the precise name of Attorney Patterson's firm at the time Appellant first met with counsel, we base our identification on the letterhead used by Attorney Patterson in his July 16, 2009, letter and fee agreement relative to his representation of Appellant, introduced as Defense Exhibit 2.

(2)  2nd text message "Call me if you want to hang out".
4:17 p.m. 7/14/09 Return number [redacted[2]].

N.T. at 24, 32-35; Defense Exhibit 3, "Memo to Todd Lingafelt," 7/15/09 at 2 (unpaginated).

Counsel confirmed that he personally viewed these text messages and his transcription is a verbatim record of the content of those messages. N.T. at 41-42. Shortly after the initial consultation, Attorney Patterson advised Appellant to bring the phone to counsel's office so that counsel could maintain possession thereof, and his client did so. *Id.* at 23, 40-41. The phone was placed into a manilla envelope which was sealed and placed in counsel's file by counsel's secretary. *Id.* at 26, 32, 48. Attorney Patterson then spoke to the investigating officer regarding the content of these messages, and counsel testified that the officer agreed to inform counsel if "anything further" was going to happen regarding the investigation *Id.* at 24-25, 45. However, counsel did not hear back from the investigating officer for a substantial period of time, and so he "thought the thing died" and did not investigate further, did not make any copies of the content of the phone, and did not review any additional content in the phone. *Id.* at 25-26, 33, 44-45. At no point did counsel undertake any kind of investigation to ascertain who used the number

---

[2] Of note, the phone number from which these messages were sent does not match the phone number through which the investigating detective was contacting L.P. during the initial investigation, nor was it affiliated with any records retained by the investigating officer related to this matter. N.T. 108-109.

- 3 -

from which the texts were sent, nor did he investigate to whom the number was registered. *Id.* at 34. Counsel did not recall seeing the file or phone after 2009. *Id.* at 26. According to counsel, the file would have been kept with his active files in a file cabinet in his secretary's office for an indeterminate period of time before being transferred to the firm's basement with other inactive cases. *Id.*

Attorney Patterson left his firm in 2013, by which point no further developments had occurred relative to Appellant's case. *Id.* at 25-26. There was no written agreement between Attorney Patterson and the remaining partners concerning preservation of files following Attorney Patterson's departure from the firm. *Id.* 17, 26. Rather, the firm allowed Attorney Patterson to take his active files with him when he left, but his inactive files, including Appellant's, were left in the firm's possession. *Id.* Among the remaining partners at the firm was Attorney Douglas H. Cody *Id.* at 12. However, there is no indication in the record that Attorney Cody was either personally involved in the representation of Appellant relative to this matter or had personal knowledge of either the file or the phone relative to Appellant's case during the firm's representation of Appellant. *See* N.T. 16-17.

Between September and October of 2009, L.P. informed the investigating officer and then-assigned assistant district attorney that she no longer wanted to proceed with the matter, and as a result the investigation was halted. *Id.* at 99-100. However, on February 13, 2019, a second victim,

J.K., came forward and reported a subsequent incident of sexual violence perpetrated by Appellant, alleged to have occurred in 2010. *Id.* at 43-44. Charges were filed relative to the victim J.K. on March 26, 2019, at docket number CP-36-CR-0002552-2019. *Id.* Appellant was represented on that docket by Attorney Michael V. Marinaro. *Id.* at 70. According to counsel, the details of this second allegation were "extremely similar" to those as alleged by L.P. *Id.* at 75. During the investigation into these charges relative to the assault of J.K., a detective assigned to the assault of J.K. became aware of the 2009 assault allegation and interviewed L.P., and at that time L.P. was cooperative and indicated a renewed willingness to proceed with charges against Appellant. *Id.* 137. During plea negotiations, the Commonwealth offered Appellant, through Attorney Marinaro, to, *inter alia*, refrain from filing charges relative to the assault of L.P. if Appellant would enter a plea relative to the charges arising from the assault of J.K. *Id.* at 73. Following thorough consultation with Attorney Marinaro, Appellant refused that offer. *Id.* at 76-80. Thus, on February 5, 2020, charges were filed relative to the assault of L.P. at docket number CP-36-CR-0002179-2020. *Id.* at 44.

Attorney Beverly Rampaul, then of the Lancaster County office of the public defender, was assigned to represent Appellant in that latter-docketed matter. *Id.* at 52. Appellant made Attorney Rampaul aware of the existence of the phone which had been left with Attorney Patterson, and Attorney Rampaul made attempts to retrieve the same, including contacting Attorney

Cody, but she was ultimately unsuccessful. *Id.* 58-59. While Attorney Cody directed his staff to thoroughly search the firm's premises, including Attorney Patterson's former office, the closet to that office, and the firm's safe in which evidence was kept, the phone ultimately was not recovered. *Id.* at 15-16.

The PCRA court set forth the procedural history from this point forward as follows:

> On December 16, 2021, [Appellant] pled *nolo contendere* before this Court to the following charges on dockets 2552-2019 and 2179-2020: two (2) counts of Aggravated Indecent Assault by Force, three (3) counts of Sexual Assault, two (2) counts of Indecent Assault Without Consent of Another, one (1) count of Simple Assault, and one (1) count of Indecent Assault with Forcible Compulsion. Petitioner was sentenced to an aggregate term of six (6) to fifteen (15) years of incarceration, along with $1,000 in restitution.

> On December 27, 2021, Appellant filed a Post-Sentence Motion, which was denied by this Court. On January 27, 2022, Appellant appealed to the Superior Court, which affirmed this Court's ruling. ***Commonwealth v. Lingafelt***, 214, 215 MDA 2022 (Pa. Super. Ct. Dec. 1, 2022). On December 17, 2023, Appellant filed a PCRA Petition. Following this Court's March 5, 2024 PCRA Order, the Commonwealth requested that an evidentiary hearing be held regarding this matter. That evidentiary hearing was held on July 1, 2024; Appellant and the Commonwealth submitted briefs on August 14, 2024. On August 28, 2024, this Court denied Appellant's petition.

PCRA Court Opinion 1/31/25 at 1-2 (unpaginated)(footnote omitted).

Of note, Appellant alleged during his testimony at the PCRA hearing, for the first time, that the now-lost cellphone also contained a text message, sent from L.P., in which the victim allegedly admitted to lying about the sexual assault because Appellant had called her names. N.T. at 114-115.

Following denial of his PCRA petition, Appellant initiated the instant appeal. He raises three issues in his statement of errors complained of on appeal:

Did the Court erroneously deny post-conviction relief because

    a. Appellant proved Ms. Rampual was ineffective for failing to file a motion to dismiss;

    b. Appellant proved Mr. Marinaro was ineffective for failing to advise Appellant of a plea offer; and

    c. Appellant proved Mr. Cody was ineffective for failing to keep Appellant's property safe.

Appellant's Concise Statement of Matters Complained of on Appeal 10/2/24.

As noted above, Appellate counsel filed an **Anders/Santiago** brief and petition to withdraw, submitting that each issue Appellant would raise is wholly frivolous. We have previously observed:

> Counsel petitioning to withdraw from PCRA representation must proceed not under **Anders** but under **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 379 Pa. Super. 390, 550 A.2d 213 (Pa. Super. 1988). Similar to the **Anders** situation, **Turner/Finley** counsel must review the case zealously. **See Commonwealth v. Mosteller**, 430 Pa. Super. 57, 633 A.2d 615, 617 (Pa. Super. 1993). **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. **Commonwealth v. Karanicolas**, 2003 PA Super 422, 836 A.2d 940, 947 (Pa. Super. 2003).
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro*

*se* or by new counsel. **Commonwealth v. Friend**, 2006 PA Super
70, 896 A.2d 607, 615 (Pa. Super. 2006).

**Commonwealth v. Wrecks**, 931 A.2d 717 (Pa. Super. 2007).

Here, after review of the submitted brief, as well as subsequent filings by Attorney Egner, we find that appellate counsel has satisfied the technical prerequisites of **Turner/Finley**. Counsel's brief outlines the issues Appellant wishes to raise and provides citation to the record and well-reasoned explanations of those issues' lack of merit, demonstrating counsel's thorough review of the matter, although argued to the higher standard of frivolity. **See Wrecks, supra** ("**Anders** counsel is not permitted to withdraw unless the appeal is wholly frivolous, but **Turner**/**Finley** counsel is permitted to do so if the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous"). Counsel has also filed a letter which he sent to his client certifying that Appellant was provided a copy of counsel's brief, and a copy of counsel's petition to withdraw, and he has filed a subsequent letter advising Appellant of his immediate right to proceed *pro se* or to retain new counsel in light of the foregoing. To date, Appellant has not filed a response to counsel's petition or brief. Thus, we proceed with our independent evaluation of Appellant's claims. **See Commonwealth v. Widgins**, 2011 PA Super 208, 29 A.3d 816, 819-20 (Pa. Super. 2011).

In so doing, we observe the following well-established standard of review:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

*Commonwealth v. Ford*, 2012 PA Super 98, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

In reviewing a claim of ineffective assistance of counsel:

We begin with the presumption that counsel rendered effective assistance. To obtain relief on a claim of ineffective assistance of counsel, a petitioner must rebut that presumption and demonstrate that counsel's performance was deficient, and that such performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In our Commonwealth, we have rearticulated the *Strickland* Court's performance and prejudice inquiry as a three-prong test. Specifically, a petitioner must show: (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or inaction; and (3) counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error. *Commonwealth v. Pierce*, 515 Pa. 153, 158-59, 527 A.2d 973, 975 (1987).

*Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297, 301 (Pa. 2011) (some internal citations omitted).

We further note that failure to meet any one of these prongs results in a failure of the claim. *Commonwealth v. Hanible*, 612 Pa. 183, 30 A.3d 426, 439 (Pa. 2011).

Regarding Appellant's challenge to the performance of Attorney Rampaul in her declining to file a motion to dismiss predicated on Commonwealth delay in filing charges, we find that the PCRA court's ruling is free from legal error and supported by the record. As noted by the PCRA court, a due process claim based on pre-trial delay will only succeed where the defendant can show "that the passage of time caused actual prejudice and that the prosecution lacked sufficient and proper reasons for postponing the prosecution." Order Denying Post-Conviction Relief 8/28/2024 at 4 (unpaginated)(*citing* **Commonwealth v. Simpson**, 66 A.3d 253, 283 (Pa. 2013)).

As the PCRA court observed, Appellant's argument concerning actual prejudice "hinges on the loss of the cellular phone," however, the PCRA court did not credit the testimony of Appellant regarding the content of the phone, writing "[i]t is impossible, without the cell phone, to determine if [Appellant's] statements are true or if the texts existed in the first place," and as such the court found that Appellant failed to demonstrate he was prejudiced by the delay. **Id.** We find sufficient support for the lower court's finding in the record, and additionally note that the number from which the texts at issue were sent was never confirmed to have been the victim's, and further it does not match the number which the detective used to communicate with the victim throughout his investigation. N.T. at 108-109. We additionally note Appellant's claim that the victim had admitted to fabricating her report of the assault in a

text message was only made after the phone had been lost and thus the possibility of verifying this claim was precluded. N.T. 114-116.

Further, the PCRA court's finding that the Commonwealth's having halted the investigation into the assault of L.P. in 2009 was justified is similarly well supported by the record, as the Commonwealth's witnesses testified that L.P. was unwilling to proceed with the investigation in 2009 and only changed her mind when a second victim came forward some ten years later. N.T. at 105, 144. Therefore, even if Attorney Rampaul had filed a motion to dismiss, that motion would have been meritless, and as such Appellant's first claim is also meritless.

Regarding Appellant's challenge to the performance of Attorney Marinaro in his alleged failure to advise Appellant of the offered plea deal, the PCRA court simply did not credit Appellant's testimony. Rather, the court credited Attorney Marinaro's testimony wherein he affirmed that he had a lengthy discussion with Appellant regarding the offered plea, the relevant statutory maximums, the possibility of additional charges being filed, and the possibility of consecutive sentences being imposed. *Id.* at 76-80. We find no error in the lower court's reasoning: "just because Petitioner cannot recall such conversations does not mean that they did not take place; such faulty memory is not grounds for a claim of ineffective assistance of counsel." Order Denying Post-Conviction Relief 8/28/2024 at 3-4 (unpaginated). As such, Appellant's second issue is meritless.

Regarding Appellant's challenge to the performance of Attorney Cody in failing to preserve his cell phone, we find no reason to disturb the ruling of the PCRA court. As we discussed with regard to Appellant's first issue, Appellant has failed to establish that he was prejudiced by the loss of his cell phone. The only support for Appellant's having been prejudiced is his own dubious and self-serving testimony regarding the contents of the lost phone and the origin of the texts he had shown to Attorney Patterson, which the PCRA court did not credit. Thus, Appellant's claim of ineffective assistance of counsel as relates to Attorney Cody must fail, and we find that his third issue is meritless.

Wherefore, as the record supports the PCRA court's factual determinations and as we discern no errors in its legal conclusions, we agree with appellate counsel that Appellant's claims do not merit relief. Therefore, we grant counsel's application to withdraw and affirm the Order of the PCRA court.

Application to withdraw granted; Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/17/2025